ing; that he went to the brewery, and got back to the premises at half past 6, and found a whole crowd there; that he wanted to go behind the bar, and that some one called the sheriff, took him by the collar, and threw him outside.    Another witness for the petitioner testified that he was in the place on the same 2d of June, between 3 and 4 o'clock; that there were there four people and a couple more whom he did not know; that when Brill came back he wanted to go behind the bar, and the defendant called the sheriff, and pushed him away. This was contradicted by several witnesses.    It is, however; all the evidence respecting violence.    The evidence, at the most, tended to show the commission of a trespass, and not that violence which is the gist of forcible entry and detainer.    Whether Brill were maltreated or not when he wished to go to the bar is of no moment in this proceeding.    If assaulted at all, he was not assaulted with reference to the entry upon, or detention of, the premises.    According to the petitioner's own statement, Brill had no rights upon the premises, having been dispossessed by the owner, and having been left in the place by the petitioner only until the next morning, to get his things out. Brill, it is true, testified that he had offered to remain as agent, but there is no statement that his offer was accepted, nor is there anything to show how the crowd of strange people who are said to have been found in the saloon entered the premises.    The judgment of the municipal court should be reversed, with costs.

Judgment reversed, with costs.

---

### A. & S. HENRY & CO., Limited, v. TALCOTT.

(Supreme Court, Appellate Division, First Department.    March 17, 1899.)

BILL OF PARTICULARS.
> Defendant, who, in an action for price of goods bought by him for resale, alleges, as a counterclaim, that the goods were not as warranted to him, and that, having resold a part of them on said warranty, some of them were rejected and returned to him, and he had to make allowances on others, because of the breach of warranty, should, in a bill of particulars, state the particular goods rejected and returned.

Appeal from special term, New York county.
Action by A. & S. Henry & Co., Limited, against James Talcott, for price of goods sold and delivered.    Defendant counterclaimed, alleging that the goods were bought by him by sample, and on a warranty that they should be of the quality of the sample, and free from defects arising from manufacture, and fit for the purpose of resale, as merchantable articles of that quality; that they were not as warranted, but that he resold a part of them on the warranty, and some of them were rejected and returned to him, and he had to make allowances on others, because of the breach of warranty.    From part of an order requiring defendant to serve a bill of certain matters he appeals, and from the part of the order denying plaintiff's motion for a bill of particulars, except as specified in said order (56 N. Y. Supp. 684), it appeals.    Modified.

The order for bill of particulars is as follows:

"The plaintiff having moved for an order directing the defendant to serve a bill of particulars of the matters alleged in the counterclaim set up in the defendant's amended answer, * * * it is ordered, that within twenty days after the service upon the defendant's attorneys of a copy of this order, and written notice of the entry thereof, the defendant serve upon the plaintiff's attorneys a duly-verified bill of particulars, setting forth the following matters alleged in the counterclaim set up in defendant's amended answer to the amended complaint, viz.: (1) The names of the persons to whom the defendant made allowances, as alleged in the first counterclaim, and the several amounts of such allowances, and the items, so far as they can be specified, of the damage, loss, and expense incurred in the resale of the rejected goods. (2) The names of the customers with whom the defendant made the time contracts, which, as alleged in the second counterclaim, he was unable to carry out by reason of plaintiff's default, and the amount and kind of goods he had agreed to sell to each, and the profits he claims to have lost by reason of his inability to carry out such contracts. Further ordered that, except as hereinbefore specified, the motion of plaintiff be, and it is, denied, without costs to either party."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Harold Nathan, for plaintiff.
Frederic R. Kellogg, for defendant.

PER CURIAM. The order appealed from should be modified by adding to its first requirement the words: "And the specific goods, which were rejected and returned as alleged in said counterclaim."

The order as modified is affirmed, without costs.

---

### WARNER v. CONSOLIDATED ICE CO.

(Supreme Court, Appellate Division, Second Department. March 21, 1899.)

EMPLOYMENT—CONTRACT.

A driver of an ice wagon, who was credited by his employer with a certain percentage for shrinkage, varying from 5 per cent. in the winter to 10 per cent. in the hot weather, and who was aware of these percentages, but claimed to be entitled to a greater percentage, because he had a long route from the storage depot, is, at most, entitled to no more than 10 per cent. allowance; there being no claim that any other driver received more than that, and he having merely stated to the superintendent that he could not run his route without being credited with a shrinkage equal thereto, to which the superintendent made no reply.

Appeal from municipal court, borough of Brooklyn, Second district.

Action by Charles W. Warner against the Consolidated Ice Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Daly, Hoyt & Mason, for appellant.
Henry L. Maxson, for respondent.

PER CURIAM. This action is brought to recover a specified sum for wages as a driver of an ice wagon. The defendant claimed that the plaintiff was indebted to it in the sum of $38.45, which it sought